UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOJITZ CORPORATION<br><br>Petitioner,<br><br>v.<br><br>PRITHVI INFORMATION SOLUTIONS LIMITED<br><br><br>Respondent. | Civil Action No.<br><br><br>**COMPLAINT AND PETITION FOR CONFIRMATION OF A FOREIGN ARBITRAL AWARD** |

Petitioner Sojitz Corporation ("Sojitz"), by its attorneys, Hogan Lovells US LLP, alleges as follows:

1. Sojitz brings this summary proceeding under the United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") and Chapter 2 of the Federal Arbitration Act, 9 U.S.C. § 201 *et seq.*, to confirm a duly rendered arbitration award issued in its favor and against respondent Prithvi Information Solutions Limited ("Prithvi").

**The Parties**

2. Sojitz is a trading company organized under the laws of Japan.

3. Prithvi is a company incorporated under the laws of India with its principal place of business in Hyderabad, India. Prithvi, an international information technology service provider, is registered to do business in Pennsylvania and has a place of business in this District.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this proceeding pursuant to 9 U.S.C. §§ 201 and 203 and 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Prithvi because Prithvi is registered to do business in Pennsylvania and has a place of business in Pittsburgh, Pennsylvania.

6. Venue is proper in this judicial district pursuant to 9 U.S.C. § 204.

7. The underlying dispute between Sojitz and Prithvi arises out of Prithvi's breach of an agreement with respect to the procurement of 40 Channel DWDM Equipment (Agreement No. RPM-4083) entered into by Sojitz and Prithvi on November 29, 2007, and amended on December 12, 2007 (the "Supply Agreement").  A true and correct copy of the Supply Agreement and its Addendum is attached as Exhibit A to the October 14, 2011 Declaration of David Newmann ("Newmann Declaration").  The arbitration agreement between the parties is set forth at Article VIII(C) of the Supply Agreement.

8. Under the Supply Agreement, Sojitz agreed to procure certain telecommunications equipment (defined therein as the "Goods") and sell and/or supply those Goods to Prithvi, which then planned to resell the Goods to Bharat Sanchar Nigam Limited ("BSNL"), a telecommunications company with a principal place of business in India.

9. The underlying arbitration concerned a dispute regarding Prithvi's obligation to pay for the Goods delivered in accordance with the Supply Agreement.  The total price of the Goods was stated in the Supply Agreement (as amended) to be US $47,483,113.98.  The total price invoiced by Sojitz was in fact US $47,483,106.93, which was then converted into, and payable in, Japanese Yen in accordance with Article VI(a) of the Supply Agreement.

10. The Goods were duly delivered, accepted and paid for by BSNL to Prithvi. However, despite Sojitz performing all of its obligations under the Supply Agreement, Prithvi failed to pay the vast majority of the purchase price to Sojitz.

11. The Supply Agreement contained an arbitration clause under which all disputes arising out of the Supply Agreement were to be settled by arbitration in Singapore in accordance with the LCIA rules. The Supply Agreement also selected the law of England as its governing law.

12. Specifically Article VIII(C) of the Supply Agreement provided that:

**"ARBITRATION"**

(1) All disputes, controversies or differences which may arise between [Sojitz] and [Prithvi], out of or in connection with or in relation to this contract, or for the breach thereof, shall be settled by arbitration in Singapore in accordance with the LCIA Rules applicable to Court of International Arbitration at Singapore. The award of Arbitrator(s) shall be final and binding upon both parties. The venue of the arbitration will be Singapore.

13. On August 26, 2009, after the parties had failed to amicably resolve their dispute regarding Prithvi's non-payment for the Goods, Sojitz commenced an arbitration in Singapore. Sojitz's claim was for: JPY 4,474,648,394 in respect of the Goods; JPY 41,493,547 in respect of interest payable by Prithvi pursuant to Article VI(d) of the Supply Agreement; applicable "delayed interest" pursuant to Article VI(p) (being JPY 261,251,933 as of 27 October 2010); and Sojitz's costs of the arbitration and its legal and other costs incurred in respect of the arbitration.

14. After constitution of the arbitral tribunal (the "Tribunal"), consisting of Christopher Lau SC, Makhdoom Ali Khan SA, and chaired by John Rowland, QC, the hearing on the merits took place from September 13-18, 2010.

15. Prithvi did not contest the jurisdiction of the Tribunal or the arbitrability of the dispute. Indeed, during the arbitration hearing, Prithvi submitted extensive briefs, witness

statements, live testimony and expert reports on the merits of Sojitz's claims, in addition to bringing its own counterclaims against Sojitz.

16. On April 29, 2011, the Tribunal issued a final partial award in which it found that Prithvi had breached the Supply Agreement by failing to pay for the Goods. A certified copy of the final partial award is attached as Exhibit B to the Newmann Declaration. On May 9, 2011, the Tribunal issued a supplemental memorandum that corrected two errors in the final partial award. A certified copy of the supplemental memorandum is attached as Exhibit C to the Newmann Declaration. The final partial award and the supplemental memorandum together comprise the final award of the Tribunal (the "Final Award") subject to an additional assessment by the Tribunal of the amount of delayed interest and costs owed by Prithvi to Sojitz.

17. On August 29, 2011 the Tribunal issued its Award on Costs and Delayed Interests (the "Delayed Interest and Costs Award"). A certified copy of the Delayed Interest and Costs Award is attached as Exhibit D to the Newmann Declaration.

18. Pursuant to the Final Award and the Delayed Interest and Costs Award, the Tribunal ordered as follows:

    a. Prithvi to pay to Sojitz JPY 4,474,648,394 ($57,947,959)[1] in respect of the Goods;

    b. Prithvi to pay to Sojitz JPY 41,493,547 ($537,372.98) in respect of interest under Article VI(d) of the Supply Agreement;

    c. Prithvi to pay to Sojitz JPY 324,244,307 ($4,199,210.25) in respect of delayed interest under Article VI(p) of the Supply Agreement.

    d. Prithvi to pay to Sojitz US $1,789,440.48 in respect of costs incurred in relation to the arbitration;

    e. Prithvi's counterclaims were dismissed.

---

[1] Conversions from JPY to US$ are computed using the currency conversion rate as of October 14, 2011.

19. In the Final Award and the Delayed Interest and Costs Award, the Tribunal therefore awarded Sojitz a total of $62,684,542.23.

20. On June 17, 2011, Prithvi paid Sojitz $2 million, which reduces the amount owed to Sojitz to $60,384,542.23. This payment was made pursuant to negotiations between Prithvi and Sojitz in an effort to reach a settlement agreement.

21. On August 29, 2011, Sojitz and Prithvi entered an agreement (the "Agreement") to settle their dispute and satisfy the Final Award and the Delayed Interest and Costs Award. A copy of the Agreement is attached as Exhibit E to the Newmann Declaration. Pursuant to the Agreement, Prithvi agreed to make payments to Sojitz, in addition to the two million dollars already paid, in seven increments of varying amounts between August 5, 2011 and June 6, 2013. Prithvi also agreed to provide Sojitz with security by way of a charge.

22. Additionally, pursuant to clause 9 of the Agreement, Prithvi agreed to the following:

> In the event of breach of this Agreement by Prithvi, including the failure to pay any of the Payments due on or before the date specified in accordance with this Agreement howsoever caused, the entire outstanding balance of the Final Award and the Delayed Interests and Costs Award shall become immediately due and payable and Prithvi will consent to judgment being entered on the basis of these Awards (less any amounts already paid) in the courts of any competent jurisdiction and specifically commit not to take or seek to oppose the enforcement proceeding, including relying upon any limitation or other time-related defense under any applicable law.

23. Prithvi failed to comply with the terms of the Agreement. Prithvi failed to make its scheduled payment to Sojitz that was due on August 5, 2011. And Prithvi also failed to register the charge on its assets in India as agreed under the agreement.

24. By letter dated September 26, 2011, Sojitz informed Prithvi that Prithvi had breached the Agreement and that unless Prithvi paid the sum due and provided the charge as provided in the Agreement no later than September 28, 2011, Sojitz would consider Prithvi to be

in fundamental breach of the Agreement. On October 3, 2011, Prithvi made a payment of approximately $250,000. However, that was substantially less than the amount that Prithvi was obligated to have paid on August 5, 2011. In addition, Prithvi failed to provide the charge. Therefore, by letter dated October 4, 2011, Sojitz informed Prithvi that the Agreement was terminated.

25. Accordingly, Sojitz seeks enforcement of the Final Award and the Delayed Interest and Costs Award pursuant to this Complaint and Petition, less the two and a quarter million already paid, for the total amount of $60,134,542.23. Further, because Prithvi has breach the Agreement, Prithvi has waived its right to oppose or otherwise contest these proceedings.

## Cause of Action

**(Confirmation of Arbitration Award Pursuant to 9 U.S.C. § 201 *et seq*.)**

26. Petitioner repeats and realleges the allegations in paragraphs 1 through 25 as if set forth fully herein.

27. The parties' Supply Agreement is an "agreement in writing" within the meaning of Article II(2) of the New York Convention.

28. The Award arose out of a legal relationship that is commercial within the meaning of 9 U.S.C. § 202.

29. The Award was made in Singapore, a nation that is a signatory to the New York Convention and which is a state other than the state where recognition and enforcement is sought hereby. India, Japan and the United States are each signatories to the New York Convention.

30. None of the grounds for refusal or deferral of the Award set forth in the New York Convention apply.

31. Any and all conditions precedent to this action have been satisfied or waived.

32. The Award is required to be confirmed pursuant to the New York Convention and 9 U.S.C. § 207.

WHEREFORE, Petitioner prays:

(a) That the Court enter an order pursuant to 9 U.S.C. § 207 confirming the Award against Prithvi;

(b) That on the basis of the confirmed Award, the Court enter judgment that Prithvi is liable to Petitioner in the amount of $60,134,542.23 (or such other amount representing the outstanding value of the arbitration award in Japanese yen or in U.S. dollars based on the exchange rates as of the applicable conversion date), together with applicable pre- and post-judgment interest on such amount;

(c) That Petitioner be granted the costs and fees incurred in connection with this proceeding; and

(d) That Petitioner be awarded such other and further relief as may be proper.

Dated: October 14, 2011                HOGAN LOVELLS US LLP

By:     /s/ David Newmann

David Newmann (Pa. No. 82401)
1835 Market Street
29th Floor
Philadelphia, PA  19103
Tel: (267) 675-4610
Fax: (267) 675-4601
david.newmann@hoganlovells.com

By:     /s/ Andrew M. Behrman

Andrew M. Behrman (admission *pro hac vice* pending)
875 Third Avenue
New York, New York 10022
Tel: (212) 918-3000
Fax: (212) 918-3100
andrew.behrman@hoganlovells.com

*Counsel for Petitioner Sojitz Corporation*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In the Matter of the Arbitration Between:<br><br>SOJITZ CORPORATION<br><br>　　　　　　　　　Petitioner,<br><br>　　　　v.<br><br>PRITHVI INFORMATION SOLUTIONS LIMITED<br><br>　　　　　　　　　Respondent. | Civil Action No.<br><br>**VERIFICATION OF ANDREW BEHRMAN** |

　　　　I, Andrew M. Behrman, pursuant to 28 U.S.C. § 1746, hereby certify under penalty of perjury as follows:

　　　　1.　　I am Of Counsel at the law firm Hogan Lovells US LLP, counsel to Sojitz Corporation in this action to enforce the arbitral award granted by an arbitral tribunal pursuant to the LCIA Rules applicable to the Court of International Arbitration at Singapore.

　　　　2.　　I have read the attached Complaint and Petition and know the contents thereof to be true to my own knowledge.

　　　　I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

　　　　Executed on this 14th day of October 2011

_____
Andrew M. Behrman